**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RONALD G. HARVEY,<br>        Appellant, | DOCKET NUMBER<br>CH-0752-14-0660-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: July 24, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Kenneth L. McKillip, Milan, Illinois, for the appellant.

Joan Altman, Rock Island, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Before his removal, the appellant was a Machinist, WG-3414-10, at the agency's Rock Island Arsenal Joint Manufacturing and Technology Center (JMTC) in Rock Island, Illinois. Initial Appeal File (IAF), Tab 1 at 3. He was removed for violating a Last Chance Agreement (LCA). IAF, Tab 7 at 16-22. The LCA was signed after the agency proposed to remove the appellant for a third offense of absence without leave (AWOL). *Id.* at 43-47. The parties entered into a LCA on February 19, 2014, which would remain in effect for 1 year. *Id.* at 32-33. The appellant was returned to duty, and he agreed to comply with the agency's and JMTC's rules, regulations, and policies, and to "refrain from ANY misconduct." *Id.* at 32.

¶3 The appellant continued to have leave-related issues. His immediate supervisor, S.Y., spoke with him on April 18, 2014, about the importance of conserving his leave and reminded him that his leave balances were dangerously low. IAF, Tab 10 at 3. S.Y. warned him that he would be charged with AWOL if his leave balances were insufficient to cover his absences. *Id.* On May 9, 2014, the appellant contacted S.Y. by telephone and notified him that he had submitted a request for 4 hours of annual leave and would be departing the workplace at 6:30 p.m. that day. *Id.* S.Y. permitted the appellant to leave the facility. *Id.*

When he returned to the office later, S.Y. discovered that the appellant had only 3.5 hours of annual leave to his credit. *Id*. S.Y. approved the appellant's request for 3.5 hours of annual leave, but charged him AWOL for the remaining half-hour. *Id*.

¶4 Additionally, on May 30, 2014, S.Y. instructed the appellant to complete part number 13001A002-2, Left Side Aux Rail, program number CHX-393. *Id.* Instead, the appellant prepared part number 13001A003-0, Right Side Aux Rail, program number CHX-393, which is the reverse image of the left-side rail he was instructed to make. *Id*. Based on these two instances of misconduct, the agency removed the appellant effective June 4, 2014, for failure to comply with the LCA. IAF, Tab 7 at 18.

¶5 This appeal followed. IAF, Tab 1. Although the appellant requested a hearing, IAF, Tab 1 at 3, the administrative judge found that he was not entitled to one because he failed to make a nonfrivolous allegation of the Board's jurisdiction, IAF, Tab 14, Initial Decision (ID) at 1. The administrative judge adjudicated the appeal based on the written record and found that the appellant failed to show that he complied with the LCA and that he had waived his right of Board review. ID at 3-7.

¶6 On review, the appellant asserts that the administrative judge erred in finding he was AWOL because S.Y. had granted him permission to leave the workplace for the remainder of his shift. Petition for Review (PFR) File, Tab 1 at 5. Thus, he argues, the administrative judge "added a new condition to the requirements of the LCA," because he believed that he only needed S.Y.'s permission to leave for the day. *Id.* at 5-6. The appellant asserts that he was not aware of the "new" condition. *Id.* at 6.

¶7 The administrative judge did not err. An LCA is an enforceable contract, and the appellant bears the burden of proving his compliance with it. *See Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148 (Fed. Cir. 1991); *Meza v. U.S. Postal Service*, 75 M.S.P.R. 238, 240 (1997). The agency alleges the appellant breached

the LCA by being AWOL and by engaging in other misconduct. *See* IAF, Tab 7 at 18-19. The appellant agreed that he would "refrain from ANY misconduct, including . . . AWOL and . . . that the [agency] has *complete and unfettered discretion to determine what is considered misconduct* under the terms of the [LCA]." *Id.* at 32 (emphasis added). Specific to AWOL, the appellant agreed that he would "not be absent from duty on any scheduled workday without approved leave or administrative excusal for his absence . . . ." *Id.*

¶8    To prove a charge of AWOL, an agency must show that the appellant was absent on the dates in question and that his absence was unauthorized or that his request for leave was properly denied. *See Wesley v. U.S. Postal Service*, 94 M.S.P.R. 277, ¶ 14 (2003). Here, the appellant explains that he left the workplace because his adult son was sick and that he discussed his departure by telephone with S.Y. PFR File, Tab 1 at 4; *see* IAF, Tab 7 at 27. S.Y., however, had previously reminded him that his annual leave balance was low and that he would be charged AWOL in the event that he did not have sufficient leave to cover his absences. IAF, Tab 7 at 14, Tab 10 at 3. Moreover, the disciplinary action underlying the LCA was based upon his past requests for leave that had exceeded his leave balance. *See* IAF, Tab 7 at 43-44. The appellant has not shown that management exceeded its discretion in finding that he was AWOL for the half-hour absence exceeding his leave balance. He also has not convinced us that receiving S.Y.'s permission to leave the workplace relieved him of his responsibility to know his leave balance and act in accordance with agency and facility rules, regulations, and policies, especially given S.Y.'s earlier express warnings. The appellant was AWOL, thus breaching the LCA.

¶9    As for the second issue, preparing the wrong rail part, we agree that the circumstances did not require the administrative judge to reach the issue. In any event, the appellant's argument on review regarding this issue is also unavailing. The appellant asserts that his mistake was inadvertent and, further, that he performed his duties at or above Success Level 3 as the LCA required. PFR File,

Tab 1 at 6-7. He asserts that the agency should not have treated his error as misconduct. *Id.* at 7. The appellant conceded below, however, that he did not follow S.Y.'s instructions. *See* IAF, Tab 10 at 4 (stipulation); *see also* IAF, Tab 7 at 23. Failure to follow a supervisor's instructions, even if inadvertent, is misconduct that will support an adverse action. *See Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 555-56 (1996). The appellant agreed in the LCA to refrain from "ANY misconduct" for a period of 1 year. IAF, Tab 7 at 32. His overall good performance notwithstanding, he breached the LCA when he failed to follow S.Y.'s instructions.

¶10        Pursuant to the LCA, the appellant waived his right of appeal for the underlying misconduct and for the misconduct leading to a finding of breach. *See* IAF, Tab 7 at 33. He has failed to offer any reason on review that would change the administrative judge's finding that the waiver is valid and enforceable. *See* ID at 6-7. Accordingly, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.